UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
AGIM KUKIQI and BUJAR HAJREDINAJ,

        Plaintiff,

    -against-

THE CITY OF NEW YORK and
ADMIR KACAMAKOVIC,

        Defendants.
------------------------------X

COMPLAINT

Trial by Jury Demanded

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
FEB 13 2009
BROOKLYN OFFICE

GLEESON, J.
POHORELSKY, M.J.

Plaintiffs, by their attorneys Sivin & Miller, LLP, complaining of defendants, allege as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

1. That at all times herein mentioned, plaintiffs Agim Kukiqi (hereinafter "Kukiqi") and Bujar Hajredinaj (hereinafter "Hajredinaj") were and are a citizens of the State of New York.

2. That at all times herein mentioned, defendants were and are citizens of the State of New York

3. That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983.

4. That at all time herein mentioned, defendant The City of New York (hereinafter "the City") was and is a municipal corporation, organized and existing under and by virtue of the laws of the State of New York.

5. That prior to the institution of this action and within ninety (90) days from the date when the causes of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with the City on behalf of plaintiffs; that this action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented and the City has neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the causes of action accrued herein.

6. That at all times herein mentioned, the City operated, controlled and maintained a police force known as the New York Police Department (hereinafter "the NYPD").

7. That at all times herein mention, Admir Kacamakovic (hereinafter "Kacamakovic") was and is a police officer employed by the NYPD.

8. That at all times herein mentioned, Kacamakovic was acting within the course and scope of his employment with the NYPD.

9. That at all times herein mentioned, Kacamakovic was acting under color of state law.

10. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

## FIRST CAUSE OF ACTION ON BEHALF OF KUKIQI AGAINST BOTH DEFENDANTS
(Assault and Battery)

11. Plaintiffs repeat and reallege each and every allegation contained above as though fully set forth at length herein.

12. That on or about July 5, 2008, in the County of Kings, City and State of New York, the City, its agents, servants and/or employees, including Kacamakovic, assaulted and battered Kukiqi.

13. That the aforesaid assault and battery consisted of, among other things, shooting Kukiqi with mace or pepper spray and physically restraining and handcuffing Kukiqi.

14. That by reason of the aforesaid assault and battery, Kukiqi sustained personal injuries and endured pain and suffering and a loss of enjoyment of life, all to his damage in the amount of One Million ($1,000,000) Dollars.

## SECOND CAUSE OF ACTION ON BEHALF OF KUKIQI AGAINST DEFENDANT KACAMAKOVIC
(42 USC § 1983 Arising from Assault and Battery)

15. Plaintiffs repeat and reallege each and every allegation contained above as though fully set forth at length herein.

16. That by reason of the aforesaid assault and battery, Kukiqi was deprived of his rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, including his

rights under the Fourth and Fourteenth Amendments to the US Constitution, and is entitled to monetary compensation from Kacamakovic pursuant to 42 USC § 1983 in the amount of One Million ($1,000,000) Dollars.

### THIRD CAUSE OF ACTION ON BEHALF OF KUKIQI AGAINST BOTH DEFENDANTS
(False Arrest and Imprisonment)

17. Plaintiffs repeat and reallege each and every allegation contained above as though fully set forth at length herein.

18. That on or about July 5, 2008, in the County of Kings, City and State of New York, the City, its agents, servants and/or employees, including Kacamakovic, wrongfully and falsely arrested, imprisoned and detained Kukiqi.

19. That the aforesaid arrest, detention and imprisonment was caused by the City, its agents servants and/or employees, including Kacamakovic, without a warrant and without any reasonable cause or belief that Kukiqi was in fact guilty of any crime.

20. That by reason of the false arrest, imprisonment and detention, Kukiqi was subjected to great indignities, humiliation and ridicule in being so detained, and was greatly injured in his credit and circumstances, and was caused to suffer pain in both mind and body, all to his damage in the amount of One Million ($1,000,000) dollars.

## FOURTH CAUSE OF ACTION ON BEHALF OF KUKIQI AGAINST DEFENDANT KACAMAKOVIC
(42 USC § 1983 Arising from False Arrest and Imprisonment)

21. Plaintiffs repeat and reallege each and every allegation contained above as though fully set forth at length herein.

22. That by reason of the aforesaid false arrest and imprisonment, Kukiqi was deprived of his rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, including his rights under the Fourth and Fourteenth Amendments to the US Constitution, and is entitled to monetary compensation from Kacamakovic pursuant to 42 USC § 1983 in the amount of One Million ($1,000,000) Dollars.

## FIFTH CAUSE OF ACTION ON BEHALF OF KUKIQI AGAINST DEFENDANT THE CITY
(Negligent Supervision, Training and Retention)

23. Plaintiffs repeat and reallege each and every allegation contained above as though fully set forth at length herein.

24. That the aforesaid assault and battery and false arrest and imprisonment were the result of the negligence of the City in its supervision, training, and retention of Kacamakovic, all to Kukiqi's damage in the amount of Four Million ($4,000,000) Dollars.

### SIXTH CAUSE OF ACTION ON BEHALF OF KUKIQI AGAINST DEFENDANT THE CITY
("Monell" Claim re Negligent Supervision, Training and Retention)

25. Plaintiffs repeat and reallege each and every allegation contained above as though fully set forth at length herein.

26. That the City's negligent supervision, training and retention of Kacamakovic arose to the level of deliberate indifference to the consequences of its actions, and indifference to Kukiqi's rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, and his rights pursuant to 42 USC § 1983, all to his damage in the amount of Four Million ($4,000,000) Dollars.

### SEVENTH CAUSE OF ACTION ON BEHALF OF HAJREDINAJ AGAINST BOTH DEFENDANTS
(Assault and Battery)

27. Plaintiffs repeat and reallege each and every allegation contained above as though fully set forth at length herein.

28. That on or about July 5, 2008, in the County of Kings, City and State of New York, the City, its agents, servants and/or employees, including Kacamakovic, assaulted and battered Hajredinaj.

29. That the aforesaid assault and battery consisted of, among other things, shooting Hajredinaj with mace or pepper spray.

30. That by reason of the aforesaid assault and battery, Hajredinaj sustained personal injuries and endured pain and suffering and a loss of enjoyment of life, all to his damage in the amount of One Million ($1,000,000) Dollars.

## EIGHTH CAUSE OF ACTION ON BEHALF OF HAJREDINAJ AGAINST DEFENDANT KACAMAKOVIC
(42 USC § 1983 Arising from Assault and Battery)

31. Plaintiffs repeat and reallege each and every allegation contained above as though fully set forth at length herein.

32. That by reason of the aforesaid assault and battery, Hajredinaj was deprived of his rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, including his rights under the Fourth and Fourteenth Amendments to the US Constitution, and is entitled to monetary compensation from Kacamakovic pursuant to 42 USC § 1983 in the amount of One Million ($1,000,000) Dollars.

## NINTH CAUSE OF ACTION ON BEHALF OF HAJREDINAJ AGAINST DEFENDANT THE CITY
(Negligent Supervision, Training and Retention)

33. Plaintiffs repeat and reallege each and every allegation contained above as though fully set forth at length herein.

34. That the aforesaid assault and battery of Hajredinaj was the result of the negligence of the City in its supervision, training, and retention of Kacamakovic, all to Hajredinaj's damage in the amount of Two Million ($2,000,000) Dollars.

### TENTH CAUSE OF ACTION ON BEHALF OF HAJREDINAJ AGAINST DEFENDANT THE CITY
("Monell" Claim re Negligent Supervision, Training and Retention)

35. Plaintiffs repeat and reallege each and every allegation contained above as though fully set forth at length herein.

36. That the City's negligent supervision, training and retention of Kacamakovic arose to the level of deliberate indifference to the consequences of its actions, and indifference to Hajredinaj's rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, and his rights pursuant to 42 USC § 1983, all to his damage in the amount of Two Million ($2,000,000) Dollars.

WHEREFORE, plaintiffs demand judgment against defendants, and both of them, as follows: On the First Cause of Action: One Million ($1,000,000) Dollars; On the Second Cause of Action: One Million ($1,000,000) Dollars; On the Third Cause of Action: One Million ($1,000,000) Dollars; On the Fourth Cause of Action: One Million ($1,000,000) Dollars; on the Fifth Cause of Action ($4,000,000) Dollars; on

the Sixth Cause of Action ($4,000,000) Dollars; On the Seventh Cause of Action: One Million ($1,000,000) Dollars; On the Eighth Cause of Action: One Million ($1,000,000) Dollars; On the Ninth Cause of Action: Two Million ($2,000,000) Dollars; On the Tenth Cause of Action: Two Million ($2,000,000) Dollars; and plaintiffs demand punitive damages on all causes of action in an amount to be determined by the trier of fact, together with attorney's fees pursuant to 42 USC § 1988, and together with the costs and disbursements of this action.

Dated: New York, New York
       February 11, 2009

                                        Yours, etc.
                                        SIVIN & MILLER, LLP

By_____
                                        Edward Sivin (ES 7851)
                                        Attorneys for Plaintiffs
                                        170 Broadway, Suite 600
                                        New York, NY 10038
                                        (212) 349-0300