UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

AGIM KUKIQI and BUJAR HAJREDINAJ,

                                  Plaintiffs,

                  -against-

CITY OF NEW YORK and ADMIR KACAMAKOVIC,

                                Defendants.

------------------------------------------------------------------- x

**STIPULATION OF
SETTLEMENT AND ORDER
OF DISMISSAL**

09-CV-627 (JG)(ALC)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 22 2010 ★

BROOKLYN OFFICE

       **WHEREAS,** plaintiffs commenced the above action by filing a complaint on or about February 13, 2009, alleging that defendants violated plaintiffs' federal civil and state common law rights; and

       **WHEREAS,** defendants have denied any and all liability arising out of plaintiffs' allegations; and

       **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

       1.      The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraphs "2" through "5" below.

       2.      Defendant City of New York hereby agrees to pay plaintiff Agim Kukiqi the sum of Eighteen Thousand Five Hundred ($18,500.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees.  In consideration for the payment of this sum, plaintiff Agim Kukiqi agrees to the dismissal of all the claims against all

defendants except Police Officer Admir Kacamakovic and to release the defendants and any present or former employees and agents of the City of New York, or any agency thereof, except Admir Kacamakovic, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses and attorneys' fees.

3.     Defendant Kacamakovic hereby agrees to pay plaintiff Agim Kukiqi the sum of Two Thousand Five Hundred ($2,500.00) in full satisfaction of all claims, including claims for costs, expenses, and attorneys' fees.  In consideration for the payment of this sum, plaintiff Agim Kukiqi agrees to dismissal of all the claims against Admir Kacamakovic and to release Admir Kacamakovic from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses and attorneys' fees.

4.     Defendant City of New York hereby agrees to pay plaintiff Bujar Hajredinaj the sum of Eighteen Thousand Five Hundred ($18,500.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees.  In consideration for the payment of this sum, plaintiff Bujar Hajredinaj agrees to the dismissal of all the claims against all defendants except Police Officer Admir Kacamakovic and to release the defendants and any present or former employees and agents of the City of New York, or any agency thereof, except Admir Kacamakovic, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses and attorneys' fees.

5.     Defendant Kacamakovic hereby agrees to pay plaintiff Bujar Hajredinaj the sum of Two Thousand Five Hundred ($2,500.00) in full satisfaction of all claims, including claims for costs, expenses, and attorneys' fees.  In consideration for the payment of this sum, plaintiff Bujar Hajredinaj agrees to dismissal of all the claims against Admir Kacamakovic and to release Admir Kacamakovic from any and all liability, claims, or rights of action which were

or could have been alleged in this action, including claims for costs, expenses and attorneys' fees.

6.      Defendant Admir Kacamakovic hereby agrees to withdraw all cross-claims against The City of New York, and to release The City of New York and any present or former employees or agents of The City of New York, or any agency thereof, from any claims or rights of action he may have regarding liability, attorneys' fees, costs, expenses, representation, employment, or indemnification.

7.      Plaintiff Agim Kukiqi shall execute and deliver to defendant The City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit Concerning Status of Liens.  Plaintiff Agim Kukiqi shall execute and deliver to defendant Kacamakovic's attorney a General Release based on the terms of paragraph "3" above.

8.      Plaintiff Bujar Hajredinaj shall execute and deliver to defendant The City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "4" above and an Affidavit Concerning Status of Liens.  Plaintiff Bujar Hajredinaj shall execute and deliver to defendant Kacamakovic's attorney a General Release based on the terms of paragraph "5" above.

9.      Defendant Admir Kacamakovic shall execute and deliver to defendant The City of New York's attorney a General Release based on the terms of paragraphs 2 and 4 above.

10.      Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or

bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

11.     Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York, or any agency thereof.

12.     This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  New York, New York
          January 28, 2010

Sivin & Miller, LLP
*Attorneys for Plaintiffs*
170 Broadway, Suite 600
New York, New York 10038
(212)349-0300


By: _____
          Edward Sivin


SO ORDERED:


_____
JOHN GLEESON, U.S.D.J.


MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendant The City of New York*
100 Church Street
New York, New York  10007
(212) 788-0542

By _____
          Elizabeth W. Dollin
          Assistant Corporation Counsel


John William Burns, Esq.
Worth, Longworth & London, LLP
*Attorneys for Defendant Admir Kacamakovic*
111 John Street, Suite 640
New York , NY 10038
(212) 964-8008

By _____
          John W. Burns


- 4 -



**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

Elizabeth W. Dollin
Assistant Corporation Counsel
*E-mail: edollin@law.nyc.gov*
*Phone: (212)788-0542*
*Fax: (212) 788-9776*

February 15, 2010

**By Hand Delivery**
The Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     **Re:**    *Agim Kukiqi and Bujar Hajredinaj v. City of New York, et al.,*
             *09 cv 627 (JG)(ALC)*

Your Honor:

     In connection with the above-referenced matter, enclosed herein please find a "Stipulation of Settlement and Order of Dismissal" for your endorsement and filing.

     Thank you for your consideration herein.

                         Respectfully submitted,

                         Elizabeth W. Dollin
                         Assistant Corporation Counsel
                         Special Federal Litigation Division

cc:    Edward Sivin, Esq.  (by facsimile)
       John W. Burns, Esq. (by facsimile)